# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2012

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Tirso Onofre-Espinoza, | * | District of Minnesota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 7, 1998

Filed: September 18, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Tirso Onofre-Espinoza appeals the judgment the district court[1] entered upon the jury's verdict finding him guilty of producing false Social Security cards, producing false alien registration cards, and unlawfully possessing five or more United States identification cards, in violation of 18 U.S.C. §§ 2, 1028(a)(1), (2), (3), and 1546(a). For reversal, he argues that the district court erred in failing to grant him a mistrial

_____

[1]The Honorable Michael James Davis, United States District Judge for the District of Minnesota.

because a question by the prosecutor violated <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976), and his Fifth and Fourteenth Amendment rights. We affirm.

During trial, Mr. Onofre-Espinoza admitted the charged conduct, but asserted the defense of duress, contending that he would not have committed the acts but for threats to him and his family. On cross-examination the prosecutor questioned why the defendant had not moved away if he was being threatened. Mr. Onofre-Espinoza agreed he was free to move, but said he knew those threatening him would look for him wherever he went and could kill him or a family member. After the defendant agreed he could have moved before government undercover agents came to his apartment to retrieve false documents he had assisted in preparing for them, the following colloquy occurred between Mr. Onofre-Espinoza and the prosecutor:

Q. And it's true, isn't it, that prior to your arrest, you never reported these threats to the police, is that true?

A. No, I never reported them.

Q. And, in fact, it's the occasion of this trial that that's brought up for the first time these threats?

Defense counsel objected to this question. Out of the jury's hearing, the district court sustained an objection based on an arrestee's right to remain silent following <u>Miranda</u> warnings, but denied the defendant's request for a mistrial. The prosecutor asked no further questions regarding the subject. In closing argument (and without objection), the prosecutor queried why the defendant had not moved away or contacted authorities if he were being threatened.

The Supreme Court held in <u>Doyle</u> that the Due Process Clause prohibits impeachment on the basis of a defendant's silence at the time of arrest and following

Miranda warnings.  See 426 U.S. at 619.  Although we find that the challenged question implicitly referred to Mr. Onofre-Espinoza's post-arrest silence, we conclude that under the Supreme Court's holding in Greer v. Miller, 483 U.S. 756 (1987), no Doyle violation occurred.

In Greer, the trial court sustained the defendant's objection to a question specifically directed to the defendant's silence at the time of arrest, and the jury was told to ignore the question "for the time being."  See Greer, 483 U.S. at 758.  No further questioning occurred regarding the topic, the state did not specifically refer to the defendant's post-arrest silence during closing argument, and the jury was instructed to disregard questions to which an objection was sustained.  See id. at 764.  The Court in Greer held that no Doyle violation had occurred because the defendant's "postarrest silence was not submitted to the jury as evidence."  Id. at 764-65.  We find Greer controlling here where the district court sustained the objection to a question implicitly referring to the defendant's post-arrest silence, the line of questioning ceased, and no specific reference to post-arrest silence occurred during closing argument.  Furthermore, the jury was instructed several times that an attorney's questions are not evidence and was also instructed that a question containing a factual assertion was not evidence, that its verdict was to be based only on evidence, and that proposed testimony to which an objection was sustained was to be disregarded.

We also conclude that Mr. Onofre-Espinoza was not denied due process because the prosecutor's unanswered question did not result in a fundamentally unfair trial.  See Greer, 483 U.S. at 765-76.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.